IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-CR-67-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTONIO DWIGHT BOSEMAN, JR. | ) | |
| | ) | |
| | ) | |

This matter is before the Court on Defendant's Letter, filed November 1, 2021, which the Court will construe as a motion for transfer to another facility ("Motion"). Doc. 64. The Government has filed a response in opposition. Doc. 65.

Defendant's Motion asserts that he is being held "at the Buncombe County Detention Facility for a federal probation violation along with other state charges." Doc 64. at 1. Defendant states that he has been subjected to racial discrimination and other mistreatment and requests that he be transferred to "another county who is in compliance with federal holding . . . ." Id.

The Government responds that Defendant is not in federal custody, and therefore, that the Court lacks jurisdiction to hear Defendant's Motion. While the Government acknowledges that Defendant has an outstanding Petition for Warrant for Offender Under Supervision, filed May 14, 2021, as well as an

1

Addendum, filed October 8, 2021, the Government states that the associated arrest warrant has not been served on Defendant. The Government reports that the U.S. Marshals entered a federal detainer on Defendant on August 5, 2021.

"When a defendant has both state and federal charges, the sovereign that first arrests the defendant is the sovereign that obtains primary jurisdiction over him or her, and that sovereign retains primary jurisdiction until it is relinquished." Quarterman v. Young, 5:18-cv-01461, 2020 WL 3442841, *7 (S.D. W.Va. Mar. 11, 2020) (citations omitted); accord United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (citations omitted) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum.* Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

A review of the docket reveals that the undersigned executed a warrant for Defendant's arrest, relative to the Petition, in May 2021. However, that warrant has not been executed. Therefore, it appears that at this time Defendant has been arrested, and is being held, solely on state charges. As Defendant is not now in federal custody, this Court lacks jurisdiction to consider the Motion.

Accordingly, Defendant's Motion (Doc. 64) seeking transfer to another facility is **DENIED WITHOUT PREJUDICE**.

It is so ordered.

Signed: November 10, 2021

W. Carleton Metcalf
United States Magistrate Judge